**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**ROSETREE BOUTIQUE, INC.,**   CIVIL ACTION NO. 3:20-cv-00705

    **PLAINTIFF,**

v.

**HARTFORD ACCIDENT AND INDEMNITY COMPANY, SENTINEL INSURANCE COMPANY, LIMITED, and ASSUREDPARTNERS CAPITAL, INC.,**

    **DEFENDANTS.**

## COMPLAINT

Your Plaintiff, Rosetree Boutique, Inc., by its counsel, Hoyt Glazer and Abraham J. Saad of Glazer Saad Anderson L.C., brings this Complaint for breach of contract, bad faith, unlawful trade practices, and breach of fiduciary duty arising from the egregious refusal of Defendants Hartford Accident and Indemnity Company, Sentinel Insurance Company, Limited, and AssuredPartners Capital, Inc. to provide contracted insurance coverage for Plaintiff's business losses and/or damage resulting from the pending COVID-19 pandemic. Plaintiff seeks all available relief under the contract and punitive damages resulting from Defendants' bad faith in refusing to provide insurance coverage.

## PARTIES

1. The Rosetree Boutique, Inc., is a West Virginia company with its principal place of business in Ceredo, West Virginia.

1

2. Hartford Accident and Indemnity Company ("Hartford") is an insurance company with its principal place of business in Connecticut authorized to do and doing business in West Virginia.

3. Sentinel Insurance Company, Limited, ("Sentinel") is a wholly-owned subsidiary of the Hartford with its principal place of business in Connecticut authorized to do and doing business in West Virginia.

4. AssuredPartners Capital, Inc. is an insurance broker with its principal place of business in Florida authorized to do and doing business in West Virginia.

## JURISDICTION AND VENUE

5. This Court has federal question under 28 U.S.C. § 2201 and original jurisdiction under and 28 U.S.C. § 1332(a)(1), as amended, which provides that a district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. . . (2) citizens of different states."

6. Because Plaintiff is a West Virginia corporation with its principal place of business in Cabell County, West Virginia and the Defendants' principal places of business are in Connecticut and Florida, complete diversity among the parties exists, and the Plaintiff has pled below the amount in controversy requirement.

7. Venue is appropriate in this case under 28 USC § 1391(b).

## FACTS

8. Rosetree Boutique is a women's fashion and accessories shop that has served the tri-state area for over four decades, and is a leading destination for ladies seeking prom, wedding, and other dresses.

9. Defendant AssuredPartners Capital, Inc. is the insurance broker who arranged for and delivered the insurance policy, 40 SBA ZN4795 SA ("Policy") to Rosetree Boutique. See, Exhibit 1, Policy.

10. Defendant Sentinel is the insurer under the Policy, and the Policy lists "The Hartford," and its insignia throughout the Policy.

11. The Policy provides "Special" coverage for Rosetree Boutique, and Rosetree Boutique paid a total annual premium of $6,550 for insurance from December 2, 2019 to December 2, 2020.

12. The Special Property Coverage Form states "We will provide for direct physical loss or physical damage to Covered Property at the premises described in the Declarations (also called "scheduled premises" in this policy) caused by or resulting from a Covered Cause of Loss." See, Exhibit 1, Special Property Coverage Form, Page 1 of 25.

13. Pertinent to this case, the Policy's coverage applies to "the actual loss of Business Income you sustain when your 'scheduled premises' is specifically prohibited by order of a civil authority as the direct result of a Covered Cause of Loss to property in the immediate area of your 'scheduled premises.'" Exhibit 1, Section A 4(q)(1) at Page 11 of 25.

14. Section A4(q)(2) of the Policy states the "coverage for Business Income will begin 72 hours after the order of a civil authority and coverage will end at the earlier of: (a) When access is permitted to your 'scheduled premises'; or (b) 30 consecutive days after the order of the civil authority." Exhibit 1 at Page 11 of 25.

15. Under Section G15, Property Definitions of the Policy, "Pollutants and Contaminants" "means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke,

vapors, soot, fumes, acids, alkalis, chemicals and waste, or any other material which causes or threatens to cause physical loss, physical damage, impurity to property, unwholesomeness, undesirability, loss of marketability, loss of use of property, or which threatens human health or welfare. . . ."

16. The Insurance Services Office (ISO) is an advisory and rating organization for the insurance industry that assists insurance companies in meeting state regulatory requirements.

17. In 2006, the ISO acknowledged that "disease-causing agents," such as viruses, may "enable the spread of disease by their presence on interior building services or the surfaces of personal property. When disease-causing viral or bacterial contamination occurs, potential claims involve the cost of replacement of property (for example, the milk), cost of decontamination (for example, interior building surfaces), and business interruption (time element) losses. . . ." See, Exhibit 2, ISO Circular, July 6, 2006, Amendatory Endorsement-Exclusion of Loss Due to Virus or Bacteria at p. 1.

18. Near the start of 2020, the Center for Disease Control and Prevention (CDC) has monitored and responded to the ongoing global pandemic caused by the virus designated "SARS-CoV-2", commonly known and abbreviated as COVID-19.

19. The Policy at issue here contains absolutely no exclusion or any provision exempting coverage for business losses Rosetree Boutique might sustain as a result of a virus such as COVID-19.

20. The presence of any COVID-19 viral particles renders physical property unsafe, impairs its normal function, usefulness, and/or value, and causes physical loss and/or damage to property resulting in business loss.

21. The presence of people infected with and/or carrying COVID-19 virus particles inside a covered business, such as Plaintiff's, results in unsafe and unusable physical property, resulting in direct physical loss to that property.

22. At all times, Plaintiff has satisfied its obligations under the Policy, and understood that it had insurance coverage in the event of its business closure by order of a civil authority.

23. On January 30, 2020, the International Health Regulations Emergency Committee of the World Health Organization (WHO) declared COVID-19 a health emergency of international concern.

24. The following day, Health and Human Services Secretary Alex M. Azar II announced a public health emergency for the United States resulting from COVID-19.

25. On March 16, 2020, West Virginia Governor Jim Justice declared a state of emergency resulting from COVID-19.

26. On March 18, 2020, Rosetree Boutique, by its agent, sent Defendant AssuredPartners an e-mail stating its "understanding that [its] lost sales from this year would be reimbursed compared to the sales from the previous year, for up to 30 days or the time" that customers would be "back in [the] store." Exhibit 4, E-mail chain from Rosetree Boutique to Defendant AssuredPartners at p. 4.

27. Later that day, Defendant AssuredPartners alleged in its e-mail response that "Sickness is not a covered cause of loss, nor does it cause direct physical damage," which directly contradicts the ISO's issued pronouncement from 2006 that viruses may cause business losses. See, Exhibit 4 at p. 3.

28. On March 19, 2020, Governor Justice confirmed our state's first case of COVID-19 in a televised address.

29. Effective as of 8:00 PM on March 24, 2020, Governor Justice ordered a general stay-at-home directive ("Order") to all individuals within the State of West Virginia. See, Exhibit 3.

30. The stay-at-home Order temporarily required all "non-essential business and operations" to cease operations immediately.

31. As a local, ladies' fashion store and retailer, Rosetree Boutique qualified as a "non-essential business and operation," and closed its store on March 24, 2020 pursuant to the Order.

32. On March 29, 2020, the West Virginia Department of Health and Human Resources confirmed the state's first COVID-19 related death.

33. Over the next several weeks, West Virginia remained under the Order as COVID-19 rapidly spread across the state and the nation.

34. On May 4, 2020, the stay-at-home order expired, and Rosetree Boutique reopened its business to customers.

35. In reopening its business, Rosetree Boutique required its employees and customers to wear protective masks and observe social distancing to prevent the spread of COVID-19.

36. Despite the CDC's and the WHO's efforts and other remedial measures aimed to eradicate the COVID-19 pandemic in our nation, over 8 million people have now contracted the virus, and over 220,000 persons have died from COVID-19 and/or its resulting complications this year.

37. COVID-19 has also resulted in the loss of employment for millions of Americans, and billions of dollars in lost business.

38. Despite the approval of financial aid from Congress, numerous small businesses, such as Plaintiff's, have suffered significant loss of income resulting from COVID-19.

39. Before applying for insurance benefits resulting from loss of its income, Rosetree Boutique contacted a representative of AssuredPartners, and this person represented three (3) different times that Rosetree Boutique would receive insurance proceeds from business loss resulting from the closure of its dress shop from COVID-19 precautions.

40. When Rosetree Boutique asked Defendant AssuredPartner's agent had represented insurance coverage was available, the agent claimed it was a "mistake."

41. After formally seeking insurance benefits for its loss of business as a result of the continuing COVID-19 pandemic, Rosetree Boutique received notice that the Policy it had expected to cover its business losses from COVID-19 would not, in fact, reimburse it for any business losses.

42. The Defendants, jointly and severally, have unreasonably and deliberately refused to honor the terms of the Policy in denying Plaintiff coverage for its COVID-19 related business losses.

43. Throughout the country, numerous state and local governments have issued orders stating that COVID-19 physically causes and/or contributes to property damage and loss.

44. Plaintiff has performed all conditions precedent on its part, including, but not limited to, paying the required premiums for the contracted Policy and timely filing a claim.

45. Despite Plaintiff's compliance with the Policy, the Defendants lack good faith in denying Plaintiff's claim, and Plaintiff has suffered damages, which now requires it to initiate this litigation by its counsel.

**COUNT I: DECLARATORY JUDGMENT – DEFENDANTS HARTFORD AND SENTINEL**

46. Plaintiff incorporates all the preceding paragraphs for this count.

47. This action is brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., for a declaration of rights, status and other legal relations as to insurance coverage.

48. The Policy covers the claims of Rosetree Boutique made during the applicable policy period.

49. At all times, Defendants Hartford and Sentinel knew that a virus, such as COVID-19, was a pollutant and/or contaminant as defined in the Policy that caused physical damage and/or business loss to Plaintiff's property and business.

50. After Plaintiff timely notified Defendants of the state-mandated closure of its non-essential business, Defendants had a legal and contractual duty to approve Plaintiff's claim for insurance coverage and tender appropriate payment for the same.

51. Defendants have refused and continue to refuse to provide coverage under the Policy for Rosetree Boutique's business losses resulting from its closure as a result of COVID-19 and Governor Justice's stay-at-home Order.

52. A fair and proper reading of the Policy requires this Court to determine that the Policy provides coverage for Plaintiff's claim for loss of its business and income as a result of COVID-19, and Plaintiff seeks a declaration of the same from this Court.

**COUNT II: BREACH OF CONTRACT (DEFENDANTS HARTFORD AND SENTINEL)**

53. Plaintiff reincorporates all the preceding paragraphs for this count.

54. The Policy constituted an insurance contract between Rosetree Boutique and Defendants Hartford and Sentinel.

55. The Policy provides for coverage for business loss resulting from order of a civil authority as the direct result of a Covered Cause of Loss to property in the immediate area of Plaintiff's "scheduled premises."

56. The Policy provides for coverage for physical loss of property resulting from the spread of a virus such as COVID-19, which causes a global pandemic.

57. The Policy provides for coverage for physical damage to property resulting from the spread of a virus such as COVID-19, which causes a global pandemic.

58. The Policy provides for coverage for economic loss resulting from the spread of a virus such as COVID-19, which causes a global pandemic.

59. Defendants Hartford and Sentinel breached the insurance contract (Policy) by denying the Rosetree Boutique's claim for business loss resulting from COVID-19, and Plaintiff seeks all available damages, attorney fees and costs.

## COUNT III: BAD FAITH (ALL DEFENDANTS)

60. Plaintiff reincorporates the preceding paragraphs for this count.

61. The Defendants, jointly and severally, owed a duty of good faith and fair dealing to Rosetree Boutique to assure that it received accurate information concerning the coverage under the Policy, and to ensure that Rosetree Boutique received full coverage under the Policy when it sustained loss and/or damage to its business resulting from the spread of a virus, such as COVID-19.

62. The Defendants have acted with actual malice, as defined by the laws of West Virginia, in its actions towards Rosetree Boutique, by their failure to arrange and/or provide insurance coverage for Plaintiff's loss of business resulting from the state-mandated closure of its business to prevent the spread of COVID-19.

63. The Defendants have intentionally, maliciously, and deliberately disregarded Rosetree Boutique's lawful rights to receive insurance coverage for its COVID-19 related business loss, and such actions violate Defendants' duties to Plaintiff.

64. As a direct and proximate result of Defendants' bad faith, Rosetree Boutique has suffered damages, and it requests relief as set forth below.

### COUNT IV: VIOLATION OF WEST VIRGINIA UNFAIR TRADE PRACTICES ACT (ALL DEFENDANTS)

65. Plaintiff reincorporates the previous paragraphs as if set forth here.

66. West Virginia Code §33-11-3 provides that "No person shall engage in this state in any trade practice which is defined in this article as, or determined pursuant to section seven of this article to be, an unfair method of competition or an unfair or deceptive act or practice in the business of insurance."

67. Defendants have intentionally, willfully, and maliciously denied Plaintiff Rosetree Boutique's claim for business losses as a result of the COVID-19 pandemic in complete disregard of their obligations under West Virginia law.

68. West Virginia Code §33-11-4(a) prohibits insurers from misrepresenting the benefits, advantages, conditions or terms of any insurance policy.

69. The Defendant's violations of the West Virginia Unfair Trade Practices Act have occurred with such frequency as to amount to a general business practice.

70. As a direct result of Defendant's breach of contract and unlawful practices, the Plaintiff has suffered damages and seeks relief requested below.

### COUNT V: ESTOPPEL (DEFENDANT ASSUREDPARTNERS)

71. Plaintiff reincorporates the previous paragraphs as if set forth here.

72. Defendant AssuredPartners knew that the insurance policy it procured for Rosetree Boutique provided for loss of business due to the spread of COVID-19.

73. Defendant's representative repeatedly represented to Plaintiff that the Policy covered business loss as a result of the Order involving COVID-19 precautions.

74. Plaintiff reasonably relied to its detriment on Defendant's representations that it would have adequate insurance for its business losses resulting from close of its business from COVID-19.

75. Defendant and/or its agent acted in bad faith.

76. Defendant's actions have caused Plaintiff damages for which it seeks relief as requested below.

### COUNT VI: BREACH OF FIDUCIARY DUTY (DEFENDANT ASSUREDPARTNERS)

77. Plaintiff reincorporates all the preceding paragraphs of the Complaint as if set forth here.

78. Defendant AssuredPartners owed Rosetree Boutique a fiduciary duty to procure insurance coverage for business loss resulting from the spread of a virus, such as COVID-19, causing business loss and/or damage.

79. By 2019, Defendant AssuredPartners knew or reasonably should have known by the exercise of reasonable diligence that Plaintiff expected and/or sought insurance coverage for business loss and/or damage resulting from the spread of a virus, such as COVID-19, that has resulted in substantial disruption of its and also our nation's business.

80. Defendant AssuredPartners breached its fiduciary duty in failing to provide and/or procure insurance coverage for Rosetree Boutique for its business loss and/or damage from a virus such as COVID-19.

81. As a direct and proximate result of Defendant AssuredPartners' breach of fiduciary duty, Plaintiff has suffered damages and seeks relief as stated below.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff requests that:

A. The Court declare and enter a judgment that the Policy provides insurance coverage for business loss and/or damage to Plaintiff's business was not open as a result of the COVID-19, stay-at-home Order;

B. That Defendants provide Plaintiff with all available coverage under the Policy;

C. That Plaintiff receive all available relief under the West Virginia Unfair Trade Practices Act;

D. The Court grant the Plaintiff all available damages resulting from Defendants' willful and/or other deliberate acts, including, but not limited to punitive damages;

E. The Court grant Plaintiff its court costs, expenses, and all reasonable attorney fees;

F. That the Court grant Plaintiff all pre- and post-judgment interest on unpaid amounts under the Policy; and

G. That the Court grant such further relief as it deems just.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

PLAINTIFF, ROSETREE BOUTIQUE,

By its counsel


<u>s/Hoyt Glazer</u>
Hoyt Glazer, Esq. (WV Bar #6479)
Abraham J. Saad, Esq. (WV Bar #10134)
GLAZER SAAD ANDERSON L.C.
320 Ninth Street, Suite B
Huntington, West Virginia 25701

T. 304.522.4149
F. 800.879.7248
hoyt@gsalaw-wv.com
abe@gsalaw-wv.com